ORIGINAL

EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON  4532
Chief, Major Crimes

LAWRENCE L. TONG  3040
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Larry.Tong@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 9 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00221 SOM |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | Date:  February 9, 2006 |
| | ) | Time:  2:30 p.m. |
| ALVARO VARELA, | ) | Judge: Kevin S. Chang |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal
Procedure, the UNITED STATES OF AMERICA, by its attorney, the
United States Attorney for the District of Hawaii, and the
defendant, ALVARO VARELA, and his attorney, Alan G. Warner, Esq.,
have agreed upon the following:

1.    Defendant acknowledges that he has been charged in
the Indictment with violating Title 18, United States Code,
Section 2252 relating to the possession of child pornography.

2.    Defendant has read the charge against him contained in the Indictment, and the charge has been fully explained to him by his attorney.

3.    Defendant fully understands the nature and elements of the crime with which he has been charged.

4.    Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, defendant will enter a conditional voluntary guilty plea to the Indictment charging him with possession of child pornography, reserving his right to appeal two aspects of this Court's November 23, 2005 order denying defendant's motion to suppress evidence.  In particular, defendant may appeal the Court's ruling that (1) the government did not need a search warrant to view files being shared over the Internet via file-sharing networks, and (2) the government did not need a search warrant to obtain subscriber information concerning the Internet account assigned the Internet Protocol address used to transfer the files.  Defendant does not reserve the right to challenge that portion of the Court's order denying his motion to suppress oral statements.

In return for the entry of this conditional guilty plea, and based on information presently known to it, the United States Attorney's Office for the District of Hawaii agrees not to seek any charges against defendant based on his distribution of child pornography over the Internet on January 7, 2004.  The

2

United States Attorney's Office for the District of Hawaii reserves the right to seek such charges, however, if it should obtain information not available as of date of this plea agreement, or if the agreement is not accepted by the Court.

5.   If the defendant prevails on direct appeal in the United States Court of Appeals for the Ninth Circuit or upon a direct review of the same pretrial motion in the Supreme Court of the United States, he shall be entitled to withdraw his plea of guilty to the Indictment.  This condition does not apply to collateral attacks on the Court's judgment, such as those filed pursuant to Title 28, United States Code, Section 2255, or to appellate proceedings generated by collateral attacks.

6.   Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

7.   Defendant enters this plea because he is in fact guilty of possessing child pornography as charged in the Indictment, and agrees that this plea is voluntary and not the result of force or threats.

8.   Defendant understands that the penalties for the offense to which he is pleading guilty include a term of imprisonment of up to ten (10) years, a fine of up to $250,000, plus a term of supervised release of any term of years and up to life.  In addition, the Court must impose a $100 special

3

assessment as to each count to which the defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

9. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which defendant is pleading guilty:

On January 7, 2004, an agent with the Immigration and Customs Enforcement agency in Douglas, Arizona initiated an undercover operation aimed at identifying persons who were sharing child pornography over the Internet. Using Limewire file-sharing software, the agent connected to the Gnutella network, and found numerous persons sharing child pornography. One of the persons was using an Internet Protocol (IP) address assigned to defendant Alvaro Varela's Internet account in Kula, Maui.

On March 17, 2004, agents executed a search warrant for defendant's residence in Maui. Agents recovered computers and electronic storage media. Defendant was at work when the search

4

Case 1:05-cr-00221-SOM    Document 29    Filed 02/09/2006    Page 5 of 12

began, but returned home. Defendant spoke with agents and admitted that he used Limewire to download and upload computer files over the Internet. Defendant admitted using search terms designed to find child pornography, and to possessing and sharing computer files which he knew depicted minors engaged in sexually explicit conduct, i.e., sexual intercourse or the lewd and lascivious display of their genitals. Such files had been downloaded over the Internet, and thus had passed in interstate and foreign commerce.

A trained computer forensic examiner thereafter searched the electronic media recovered at defendant's residence. The media was found to contain more than 600 computer files containing images of child pornography, including images of children under the age of twelve years.

10. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

11. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate

to the following for the purpose of the sentencing of defendant
in connection with this matter:

      a.  Defendant possessed more than 600 images of child
pornography.

      b.  Defendant possessed images of child pornography
depicting prepubescent minors, or minors under the age of twelve
years.

      c.  Defendant's possession of the material resulted
from his use of a computer.

      d.  The United States Attorney agrees that defendant's
agreement herein to enter into a guilty plea(s) constitutes
notice of intent to plead guilty in a timely manner, so as to
permit the government to avoid preparing for trial as to
Defendant.  Accordingly, the United States Attorney anticipates
moving in the Government's Sentencing Statement for a one-level
reduction in sentencing offense level pursuant to Guideline
§ 3E1.1(b)(2), if defendant is otherwise eligible.
Defendant understands that notwithstanding its present
intentions, and still within the Agreement, the prosecution
reserves the rights (1) to argue to the contrary in the event of
receipt of new information relating to those issues, and (2) to
call and examine witnesses on those issues in the event that
either the probation office finds to the contrary of the

prosecution's intentions or the Court requests that evidence be presented on those issues.

12. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

13. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties state that there will be a dispute as to (1) whether certain images possessed by defendant portray sadistic/masochistic conduct, or acts of violence, such that an additional four (4) level enhancement is justified under U.S.S.G. § 2G2.2(b)(3), and (2) whether defendant's offense conduct warrants an enhancement for the "distribution" of child pornography under U.S.S.G. § 2G2.2.

14. Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a.  Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.  Defendant reserves the right to appeal this Court's suppression ruling on the two issues specified in paragraph 4 of this agreement.  If the court should apply sentencing enhancements under U.S.S.G. § 2G2.2 based on a determination that (1) defendant possessed images depicting sadistic/masochistic conduct, or acts of violence, or that (2) defendant's offense conduct warranted an enhancement for the "distribution" of child pornography, then defendant reserves the right to appeal these sentencing determinations as well.

c.  If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

d.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

15.    Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.  The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

16.    Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. Defendant understands that the Court will not accept an agreement unless the court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

17.    Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.    If defendant persisted in a plea of not guilty to the charges against him he would have the right to a

9

public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b.   If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c.   If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of defendant's guilt beyond a reasonable doubt.

d.   At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront

10

those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

18.  Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

19.  Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce defendant to plead guilty.

20.  Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

21.  Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, related matters, and any matters in

aggravation or mitigation relevant to the issues involved in

sentencing.

             DATED:  Honolulu, Hawaii, _____2/9/06_____.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
RONALD G. JOHNSON
Chief, Major Crimes

_____
LAWRENCE L. TONG
Assistant U.S. Attorney

_____
ALVARO VARELA
Defendant

_____
ALAN G. WARNER, Esq.
Attorney for Defendant

<u>United States v. Alvaro Varela</u>
Cr. No. 05-0221 SOM
"Memorandum of Plea Agreement"

                          12